UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                             :

UNITED STATES OF AMERICA,       :

                             :    **MEMORANDUM DECISION AND**
      - against -          :    **ORDER**
                             :

MARIA ALMONTE,          :    13-cr-422 (BMC)

                             :
               Defendant.   :
------------------------------------------------------------ X

**COGAN**, District Judge.

In 2014, defendant pleaded guilty on heroin-importation charges, and the Court sentenced her to time served and three years of supervised release. Not long after, she allegedly committed a violation of supervised release ("VOSR"), and the authorities notified the Court. Normally, the Court would have adjudicated the VOSR charge not long after. But around the same time, defendant was arrested and convicted of sex trafficking a minor, for which she received a 20-year sentence. The VOSR charge was put on hold and remains pending today.

Because of the pending VOSR charge, there is a "detainer" lodged against defendant. "A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." Carchman v. Nash, 473 U.S. 716, 719 (1985). There are downstream effects of the detainer, however, including disqualification from certain prison programs or rendering the prisoner ineligible for parole. See id. at 720.

Seeking a remedy for the downstream effects of her VOSR detainer, defendant has, over the past two years, filed three *pro se* motions in this case seeking some kind of relief pertaining to her pending VOSR charge. In essence, she just wants her VOSR charge adjudicated so the detainer will go away, allowing her to participate in certain prison programming.

The Court interpreted defendant's first two motions as seeking relief under the Speedy Trial Act and denied them because the Speedy Trial Act does not apply to VOSR charges. Defendant then filed a third motion, this time styled as a request that her VOSR charge be adjudicated and any sentence rendered thereto run concurrent with her existing 20-year sentence.

Rather than consider this last motion under the Speedy Trial Act again, the Court deemed it a motion to seek a final disposition of an untried indictment, information, or complaint under the 180-day requirement reflected in Article III(a) of the Interstate Agreement on Detainers Act ("IADA").  "As 'a congressionally sanctioned interstate compact' within the Compact Clause of the United States Constitution, Art. I, § 10, cl. 3, the IAD is a federal law subject to federal construction."  New York v. Hill, 528 U.S. 110, 111 (2000).

In certain circumstances, IADA empowers a prisoner with a detainer lodged against them to compel expeditious adjudication of that pending charge, ostensibly so that the prisoner is not stymied from rehabilitative prison programing or other benefits.  See IADA art. III.  Indeed, IADA was enacted to address the precise problem caused by detainers that defendant is currently experiencing:

> The party States find that charges outstanding against a prisoner, detainers based on untried indictments, informations, or complaints and difficulties in securing speedy trial of persons already incarcerated in other jurisdictions, produce uncertainties which obstruct programs of prisoner treatment and rehabilitation. Accordingly, it is the policy of the party States and the purpose of this agreement to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints.

IADA art. I; see also United States v. Scheer, 729 F.2d 164, 166 (2d Cir.1984) (discussing the purpose of the IADA).

Nonetheless, "the phrase 'untried indictment, information or complaint' . . . refers to criminal charges pending against a prisoner," and, because a "probation-violation charge . . .

2

does not accuse an individual with having committed a criminal offense in the sense of initiating a prosecution, [it] thus does not come within the terms of [IADA]." Carchman, 473 U.S. at 725;[1] see also United States v. Fernandez, 152 F.4th 124, 131 (2d Cir. 2025) ("[A]lthough supervised release is a separate, non-carceral period that begins after a defendant completes a term of imprisonment, . . . any related revocation procedures, and the [resulting] penalties, are considered a part of the original sentence[.]").

Thus, IADA is inapplicable to defendant's VOSR detainer.[2]  Without IADA or the Speedy Trial Act, there appears to be no means for defendant to "compel" the adjudication of her VOSR charge.  Addressing a defendant in the same quagmire, one court commented: "[i]t is unfortunate if [the federal detainer] prevents [defendant] from participating in work or programming but the consequences of one's [successive] conviction, committed while on federal supervised release, are going to be severe." United States v. Wheeler, No. 16-cr-478, 2025 WL 3164753, at *2 (S.D.N.Y. Nov. 12, 2025).  The same is true here and, accordingly, defendant's motion is denied.

**SO ORDERED.**

Dated:    Brooklyn, New York
          April 30, 2026

*Brian M. Cogan*

U.S.D.J.

---

[1] Despite the difference in nomenclature, a "VOSR charge" (issued by Probation and Pretrial Services) is a "probation-violation charge."  See, e.g., United States v. Ceasar, 776 F. Supp. 3d 147, 161 (E.D.N.Y. 2025) (using "VOSR charges" and "violation of probation" interchangeably).

[2] As the Government points out, this is the same conclusion reached by many federal courts.  See, e.g., United States v. Webb, 734 F. App'x 306 (5th Cir. 2018); United States v. Gaulds, No. 15-cr-0006, 2025 WL 1298118, at *1 (S.D. W. Va. May 5, 2025); United States v. Gillom, No. 16-cr-40059, 2025 WL 1180367, at *2 (D. Kan. Apr. 23, 2025); United States v. Ruiz-Avarez, No. 7-cr-0107, 2010 WL 3063919, at *1 (D. Or. Aug. 3, 2010).